IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JOSHUA CARNEIL PHILLIPS, #517359,     :

     Plaintiff,     :

vs.     :     **CIVIL ACTION 21-0086-JB-N**

TREY OLIVER III, *et al.*,     :

     Defendants.     :


<u>REPORT AND RECOMMENDATION</u>


     Plaintiff Joshua Carneil Phillips, who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 while he was an inmate Mobile County Metro Jail ("Metro").  (Doc. 1).  His complaint has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed without prejudice for failure to prosecute and to comply with the Court's order.

     Because Phillips is proceeding *in forma pauperis*, the Court is required to screen his § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B).  During screening, the Court found that the complaint failed to state a claim upon which relief could be granted. (Doc. 6 at 1, PageID.25).  In the complaint, Phillips sued two supervisory officials at Metro, Sheriff Sam Cochran and Warden Trey Oliver, without showing how they violated his constitutional rights.[1]  (*Id.* at 4, PageID.28).  The Court informed Phillips that

---

[1] Phillips complains of being arrested by Defendant Cochran's officers on the charges he was previously

supervisory officials in a § 1983 action could not be held solely liable for the acts of subordinates and how to state a claim under § 1983 against supervisory officials. (*Id.* at 5, PageID.29). Additionally, Phillips was advised how to plead a complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure. (*Id.* at 1-6, PageID.25-29). He was ordered to file an amended complaint on this Court's § 1983 complaint form and was informed the amended complaint would take the place of the original complaint and his failure to timely file a complaint that complied with this Court's directives would result in the dismissal of his action for failure to prosecute and to obey the Court's order. (*Id.* at 1, 6, PageID.25, 30).

Phillips filed a brief amended complaint on the Court's § 1983 complaint form. (Doc. 7, PageID.31). However, he did not comply with the Court's order. The amended complaint's caption identified Mobile County, Alabama, as the Defendant. (Doc. 7, PageID.31). No defendants were identified in Section III, where the Court's complaint form instructs a plaintiff to identify the defendants and the claims against them. (*Id.*, ¶D). In a brief description of his claims, he alleged he was beaten at the jail, the system is racist, and his Fifth and Sixth Amendment rights were abused and ignored, respectively. (*Id.* at 4, PageID.34). Most of the form's questions were not completed.

Because Phillips did not comply with Court's prior order that his amended complaint conform with Fed.R.Civ.P. 8(a) and the Court's pleading directives, and correct the noted pleading deficiencies, the Court gave him another opportunity to file an amended complaint that complied with its prior June 1, 2021 order (Doc. 6,

---

found not guilty by reason of insanity, he was incarcerated again in Defendant Oliver's jail on the same charges, and he was tried again on the same charges. (Doc. 1 at 5, PageID.5).

PageID.25).  (Doc. 8 at 1, PageID.39).  Phillips was ordered to file his second amended complaint no later than August 23, 2021, to complete the complaint form, and to comply with pleading directives in the June 1, 2021 order.  (*Id.* at 2, PageID.40).  The Court also repeated the required elements for pleading a § 1983 claim and informed him that the failure to file a complying second amended complaint within the required time would result in a recommendation of dismissal of his action.  (*Id.*).  As of this date, the Court has not received a second amended complaint from Phillips, nor has his copy of the order been returned to the Court by postal officials.

Courts have the inherent power to dismiss an action *sua sponte* for lack of prosecution.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (they are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").  In addition, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules."  *Saint Vil v. Premier Mortg. Funding Corp.,* 715 F. App'x 912, 915 (11th Cir. 2017)[2] (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1374, 1374 (11th Cir. 1999) (internal quotation marks omitted)).  Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009); *see Frith v. Curry*, 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming the dismissal of an action when an inmate did not respond to the Court's order and did not pay the partial filing fee because he had been warned that

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

3

failure to comply would result in his action's dismissal for failure to prosecute); *Britt v. U.S. Gov't*, 773 F. App'x 494, 495 (11th Cir. 2019) (affirming the action's dismissal for failure to file an amended complaint that complied with Rule 8).

"While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Here, Phillips was given two opportunities to file a complaint that stated a claim and was directed as to how to plead a § 1983 claim. Considering his failure to file a second amended complaint, he has failed to comply with the Court's order and to prosecute this action. Therefore, it is recommended that this action be dismissed without prejudice.

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must

identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 29th  day of September, 2021.


                                                    _/s/ Katherine P. Nelson_
                                                    **UNITED STATES MAGISTRATE JUDGE**